UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

|  |  |
|---|---|
| THOMAS MAHONEY, as representative, )<br>)<br>Plaintiff,   )<br>)<br>v.           )<br>)<br>EMERSON ELECTRIC CO.,            )<br>EMERSUB XCI, INC., and           )<br>PAKSENSE, INC.                   )<br>)<br>Defendants.  )<br>) | CIVIL ACTION<br>NO. 19-00415-WGY |

YOUNG, D.J.[1]                                           September 30, 2020

**MEMORANDUM AND ORDER**

This case calls upon the Court to patrol the outer boundaries of the Class Action Fairness Act ("CAFA"). Pub L. No. 109-2, 119 Stat. 4, 9, codified at 28 USC § 1332(d). Thomas Mahoney ("Mahoney") acting as representative of the former stockholders, optionholders and warrantholders (collectively the "Securityholders") of PakSense, Inc. ("PakSense") filed a complaint against Emerson Electric Co. ("Emerson"), Emersub XCI, Inc. ("Emersub"), and PakSense (collectively the "Defendants"). Suppl. Not. Removal, Ex. 3, Compl. & Demand Jury Trial ("Compl.") 1, ECF No. 3-3. The complaint was filed in the District Court of the Fourth Judicial District of the State of

---

[1] Of the District of Massachusetts sitting by designation.

Idaho, in and for the County of Ada.  Id.  The Defendants removed the case alleging federal jurisdiction under CAFA.  Not. Removal, ECF No. 1.

After a hearing on June 11, 2020 the Court took the issue under advisement and now GRANTS the motion to remand.

## I. ANALYSIS

The Defendants argued that this is a removable mass action because the complaint is seeking monetary relief for more than 100 persons.  Id. ¶¶ 13-14.  Mahoney moved to remand the case alleging that there is only one plaintiff and that the removal was untimely filed.  Mot. Remand ("Mot. Remand"), ECF No. 16; id., Ex. 1, Mem. Supp. Mot. Remand ("Mem. Mot. Remand"), ECF No. 16-1.

### A. CAFA removal requirements

> Under CAFA, a 'mass action' is removable if the following requirements are met: (1) 'monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact;' (2) 'there is an aggregate amount in controversy of $5 million or more;' (3) 'at least one plaintiff [] is a citizen of a state or foreign state different from that of any defendant;' and (4) at least one plaintiff satisfies the $75,000 amount in controversy.

Bradford v. Bank of Am. Corp., No. CV 15-5201-GHK (JCx), 2015 U.S. Dist. LEXIS 120800, at *11-12 (C.D. Cal. Sep. 10, 2015) (internal citations omitted).

[2]

### 1.   Numerosity

The Defendants indicate that this action is brought by 198 plaintiffs, which are the Securityholders represented by Mahoney.  Not. Removal ¶¶ 15-16; Defs.' Opp. 9.  Mahoney contends that the Securityholders are not named plaintiffs, and the "real party in interest" test has been rejected by the Supreme Court.  Mem. Mot. Remand. 4-6.

An essential distinction between class actions and mass actions is that "a class action is a representative action where a named plaintiff or plaintiffs represents a large number of similarly situated people who are not a part of the lawsuit, while a mass action is not representative because every plaintiff is named in the case."  Paguirigan v. DirecTV, Inc., No. CV 10-1401 AG (ANx), 2010 U.S. Dist. LEXIS 153219, at *21 (C.D. Cal. Sep. 9, 2010).  Under CAFA, the numerosity requirement is fulfilled by "persons who propose to try those claims jointly as named plaintiffs."  Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 164 (2014)).  CAFA's numerosity requirement does not include "unnamed persons who are real parties in interest as beneficiaries to any of the plaintiffs' claims."  Id. at 168-69.  The 100 or more persons requirement, therefore, refers to "actual, named parties," which does not implicate any "background inquiry into unnamed real parties in interest."  Id. at 176.

The Ninth Circuit has held that courts cannot "look past the case caption to count up the real parties in interest." Liberty Mut. Fire Ins. Co. v. EZ-FLO Int'l, Inc., 877 F.3d 1081, 1085 (9th Cir. 2017). The defendants in that case tried to distinguish Hood by arguing that the other potential parties (the insureds) were identified in the case caption by reference to an attached exhibit, but the Ninth Circuit did not find this distinction meaningful. Id. at 1084. The court noted that the insureds did not file, serve, nor had they been served with any papers. Id. at 1085. They did not purport to make arguments or take positions, and there was "no indication in the record that they have any right to control this lawsuit's prosecution," so the court concluded they could not be considered plaintiffs for CAFA's numerosity requirement. Id. at 1084-85 (citing Hood, 571 U.S. at 164 and quoting United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 935 (2009) ("A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action.")).

Another case -- decided in the Southern District of New York -- is directly on point. There, the court held that a derivative action brought on behalf of a corporation in which there were over 100 shareholders or investors did not qualify as a mass action under CAFA. Anwar v. Fairfield Greenwich Ltd., 676 F. Supp. 2d 285, 294 (S.D.N.Y. 2009). The court rejected

the invitation to look at the "number of beneficial equity holders of the respective entities." Id. at 288.  It was relevant for the Anwar court that the derivative plaintiffs were the masters of the complaint, and that they had not crafted "an evasive complaint or concealed the true nature of their claims." Id. at 196-97 (citing S. Rep. No. 109-14 at 37 ("if the class definition and claims appear to follow a 'natural' pattern, that consideration would favor allowing the matter to be handled by a state court")).

Several reasons favor remand for lack of the numerosity requirement in this case.  First, though Hood concerned a parens patriae action, the Supreme Court framed the issue broadly: "whether the provision [§1332(d)(11)(B)(i)] also includes suits brought by fewer than 100 named plaintiffs on the theory that there may be 100 or more unnamed persons who are real parties in interest as beneficiaries to any of the plaintiffs' claims." 571 U.S. at 168-69.  In its analysis, the Court referred to the statutory text and context -- without limiting it to the parens patriae context specifically -- and concluded that Congress could have included the unnamed real parties in interest in the numerosity requirement, but it intentionally decided not to do so.  Id. at 169.  The Court noted that looking at the substance beyond the labels in the complaint is a principle applicable to diversity jurisdiction, but that Congress chose not to extend

[5]

such "background inquiry to the mass action provision." Id. at 175. Courts cannot, therefore, "pierce the pleadings to identify unnamed persons interested in the suit." Id. at 176.

Second, Liberty Mut. explicitly extended Hood's holding outside the parens patriae context, confirming that CAFA's numerosity requirement refers to 100 or more named plaintiff, not merely real parties in interest. Liberty Mut., 877 F.3d at 1085.

Third, Liberty Mut. and Anwar looked at the extent that unnamed plaintiffs controlled the lawsuit. See id.; Anwar, 676 F. Supp. 2d at 296 (considering the derivative plaintiffs as the "masters" of the complaint, free to "disregard an available federal dimension of a claim") (citation omitted). Here, the Securityholders did not propose individual claims or suits to be "tried jointly." See Hood, 571 U.S. at 170-71. The Defendants argue that the Securityholders are involved in the lawsuit because information related to them was not disclosed since it was considered "privileged" under the attorney-client privilege. Defs.' Opp. 6, 11-12. This, however, is not evidence that the Securityholders individually were served or have taken any positions, nor that they have any control of this lawsuit. See Liberty, 877 F.3d at 1085. Like in Anwar with the derivative action, the Securityholders do not have the right to sue

directly, because that right was transferred to Mahoney.[2] See Mem. Mot. Remand. 9.

Lastly, there is no indication that Mahoney sought to bring this action in order to defeat federal jurisdiction. Cf. Illinois ex rel. Scott v. Hunt Int'l Resources Corp., 481 F. Supp. 71, 74 (N.D. Ill. 1979); Tanoh v. Dow Chem. Co., 561 F.3d 945, 951 (9th Cir. 2009) (agreeing with the district court that plaintiffs had not "'strategically sought to avoid federal jurisdiction' by filing several separate state court actions in groups fewer than one hundred").

Since acting in a "representative" capacity does not automatically mean that the beneficiaries of the lawsuit are

---

[2] The private contract entered into between the Securityholders and Mahoney, gave Mahoney the authorization to recover damages from the alleged breach of the merger agreement -- the breach that is the underlying dispute in the present case -- in the following terms

> Thomas Mahoney has been appointed as the Representative of the Securityholders, to be the Securityholders' true and lawful attorney-in-fact for all matters in connection with this Agreement, the Escrow Agreement, and the Exchange Agent Agreement, including without limitation the acceptance of any claim by Parent, and the compromise of any disputes between Parent and Securityholders relating to this agreement, pursuant to and by virtue of the requisite approval of this Agreement by the holders of the Shares.

Mem. Mot. Remand 9. In light of that authorization, Mahoney is the one who can bring the lawsuit, not the individual Securityholders.

named plaintiffs, this Court rules that the Securityholders are not plaintiff for the numerosity requirement under CAFA.

### 2. Timeliness

An additional reason warrants dismissal. The notice of removal was untimely filed. The Defendants contend that the first time they learned that the amount in controversy was in excess of $5,000,000 was on a discovery response submitted by Mahoney on October 4, 2019. Not. Removal ¶¶ 20-28. Since the Defendants filed their notice of removal within 30 days of such reply -- on October 25, 2019 -- they argue, it was timely filed. Id.

It is essential that the defendants have access to information that allows them to determine whether the "amount in controversy" is enough to warrant removal. Abrego v. Dow Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." Lewis v. Verizon Communs., Inc., 627 F.3d 395, 400 (9th Cir. 2010) (citing McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."). "To establish the jurisdictional amount," the

defendant "need not concede liability for the entire amount." Id.

Although Mahoney directs this Court's attention to three different dates that put the Defendants on notice -- the filing of the complaint (August 21, 2018), when the Defendants allegedly breached the merger agreement for the 2018 Earn-Out (February 12, 2019), and correspondence exchanged between counsel (July 8, 2019) -- the record indicates a later date that without any doubt demonstrates the Defendants' knowledge of the amount in controversy.  Mem. Mot. Remand 12-16.  It is evident that at the hearing held before Judge Samuel Hoagland on August 6, 2019 the complaint encompassed all three years' Earn-Out (totaling $15,000,000).  See Defs.' Opp., Ex. A, Tr. Mot. Dismiss (Aug. 6, 2019), ECF No. 19-2.  Mahoney's attorney, during the hearing, indicated that his claims are "not so narrowly" limited to the 2017 Earn-Out calculation, and assured that they have made "clear" to the Defendants that the complaint "pertains to the entirety of the plan of merger agreement, which would play to all three of the years."  Id. at 13, 31.  The Defendants replied that they "think that the complaint now as it stands relates solely to 2017 earn-out."  Id. at 31.  For purposes of determining the damages amount, however, it is enough to rely on the plaintiff's assertion of the estimated amount in dispute.  See Lewis, 627 F.3d at 400.

[9]

The Defendants cannot willfully blind themselves to Mahoney's statement of the controversy. Mahoney made clear that the estimated amount in controversy was $15,000,000 no later than August 6, 2019. Thirty days later was September 5, 2019. The notice of removal was filed after that date, and is therefore untimely.

### B.  Attorney's Fees

Mahoney requested this Court to award him attorney's fees and costs because this is the second "baseless" removal filed by the Defendants. Mem. Mot. Remand 18 (citing 28 U.S.C. § 1447(c)). The Defendants opposed, arguing that this second attempt of removal did not lack "an objectively reasonable basis." Defs. Opp. 20.

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In determining whether attorney fees are appropriate, district courts should consider whether the purpose of the removal was to prolong litigation and/or impose costs on the opposing party. 28 U.S.C. § 1447(c) was not designed to penalize a party who had a reasonable arguable basis for seeking removal, but had a procedurally defective Notice of Removal.

Idaho v. Friends of Weiser River Trail, Inc., No. 1:12-cv-00456-EJL, 2013 U.S. Dist. LEXIS 75482, at *4-5 (D. Idaho May 28, 2013) (internal citations omitted).

[10]

There is no clear Ninth Circuit precedent addressing the specific facts presented before this Court, and a real legal dispute between the parties existed as to the proper interpretation of CAFA's provisions.  From the record, it does not appear that the Defendant's intended to prolong litigation or impose litigations costs on Mahoney.

This is not an "unusual circumstance" case that warrant attorney's fees.

## II. CONCLUSION

Mahoney is the only plaintiff in this action and therefore the motion to remand is **ALLOWED**.  Mahoney's request for attorney's fees is **DENIED**.

**SO ORDERED.**

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE